IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **MEGATEL HOMES, LLC and CIPRIANI ISLAND LAGUNA AZURE LLC,** § § § § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. **3:24-CV-2295-L** |
| § | |
| **CITY OF MANSFIELD, TEXAS,** § § | |
| Defendant. § | |

# ORDER

On August 6, 2025, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 14) was entered, recommending that the court grant in part and deny in part Defendant City of Mansfield's Motion to Dismiss (Doc. 7). Specifically, the magistrate judge recommends that the court: (1) deny the City of Mansfield's ("the City") Motion to Dismiss to the extent that dismissal is sought under Federal Rule of Civil Procedure 12(b)(1); grant the Motion to Dismiss with respect to Plaintiffs' Sherman Act claims and dismiss with prejudice such claims under Federal Rule of Civil Procedure 12(b)(6) as barred by state-action immunity or failure to state claims for relief under the Sherman Act; and grant the City's request for the court to decline to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims "because the balance of Section 1367's statutory factors and *Cohill*'s 'common law factors of juridical economy, convenience, fairness, and comity' favor this result." Report 3, 21 (citing 28 U.S.C. § 1367(c); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); and quoting *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 159 (5th Cir. 2011)).

Order – Page 1

Plaintiffs filed objections (Doc. 15) to the Report on August 20, 2025. Plaintiffs disagree that dismissal of their Sherman Act claims is warranted on state-action immunity grounds. As before, Plaintiffs argue that the City obtained sole discretion to deny water services to consumers via an agreement rather than through any affirmatively stated policy of the State of Texas or the utility commission. Plaintiffs, therefore, contend that they have asserted viable claims under the Sherman Act, that the court has jurisdiction over such claims, and that the court should exercise supplemental jurisdiction over their remaining state law claims.

The court **overrules** Plaintiffs' objections regarding their Sherman Act claims for the reasons stated by the magistrate judge. Plaintiffs' Sherman Act claims are barred by state-action immunity, and, even if not barred, Plaintiffs have not alleged viable claims for relief under the Sherman Act against the City. "At most, Plaintiffs allege Mansfield somehow interfered with Plaintiffs' ability to obtain water service. However, even accepting that bald assertion as true, it has nothing to do with the articulated harms to competition, even if it occurred just as Plaintiffs assert." Report 20 (quoting Def.'s Reply 13).

Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. The general rule in the Fifth Circuit "is to dismiss state claims when the federal claims to which they are pendent are dismissed." *Parker & Parsley Petrol. Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992) (citation omitted); *Brookshire Bros. Holding, Inc. v. Dayco Prod., Inc.*, 554 F.3d 595, 601-02 (5th Cir. 2009) (explaining that, generally, "a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial."). This case has not been set for trial, no scheduling order has been entered, and the court has determined that Plaintiffs' only

**Order – Page 2**

federal claims under the Sherman Act should be dismissed. The general rule, therefore, applies, and the court exercises its discretion to decline to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. The factors relevant to whether supplemental jurisdiction should be exercised also weigh in favor of the court not exercising jurisdiction over Plaintiffs' remaining state law claims. The statutory factors referenced in the Report include: "(1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction." *Enochs*, 641 F.3d at 159 (citing 28 U.S.C. § 1367(c)) (other citations omitted). "The common law factors . . . include judicial economy, convenience, fairness, and comity." *Enochs*, 641 F.3d at 159 (citation omitted).

In addition, Plaintiffs have not provided any argument why the court should exercise supplemental jurisdiction over their state law claims in the event their federal Sherman Act claims were dismissed. They, instead, simply argue in their objections to the Report that the court should exercise supplemental jurisdiction over their state law claims because they have stated viable claims for relief under the Sherman Act. Without a persuasive reason to the contrary, the court will follow the general rule within the Fifth Circuit and dismiss without prejudice Plaintiffs' remaining state law claims, which may be reurged by them in the appropriate state court. Accordingly, this objection by Plaintiffs is **overruled**.

Having considered the Motion to Dismiss, the parties' briefs, the file, record in this case, and Report, and having conducted a de novo review of those portions of the Report to which objection was made by Plaintiffs, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. The court, therefore, **overrules** Plaintiffs'

objections (Doc. 15); and **grants in part and denies in part** the City's Motion to Dismiss (Doc. 7). The Motion to Dismiss (Doc. 7) is **granted** to the extent that Plaintiffs' Sherman Act claims are **dismissed with prejudice**. The City's Motion to Dismiss (Doc. 7) is also **granted** to the extent that the court **declines** to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims, which are **dismissed without prejudice**. The City's Motion to Dismiss (Doc. 7) is **denied** in all other respects.

    **It is so ordered** this 22nd day of August, 2025.

*[Signature]*
Sam A. Lindsay
United States District Judge